IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOYCE M. THOMPSON                                                    PLAINTIFF

vs.                              Civil No. 1:15-cv-01055

CAROLYN W. COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

        Joyce M. Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

        The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      __Background:__

        Plaintiff protectively filed her disability applications on May 15, 2013.  (Tr. 32, 216-223).

In her applications, Plaintiff alleges being disabled due to dementia, hypertension, and V Willebrand

disease.  (Tr. 230).  Plaintiff alleges an onset date of May 13, 2013.  (Tr. 32).  These applications

were denied initially and again upon reconsideration.  (Tr. 157-175).  Thereafter, Plaintiff requested

_____

        [1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr."

an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 176-177).

Plaintiff's administrative hearing was held on May 28, 2014. (Tr. 51-94). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *Id.* Plaintiff, her daughter Beverly Moore, and Vocational Expert ("VE") William Elmore testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-four (54) years old and graduated from high school. (Tr. 64, 225).

After this hearing, on November 24, 2014, the ALJ entered an unfavorable decision denying Plaintiff's DIB and SSI applications. (Tr. 32-46). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 34, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 13, 2013, her alleged onset date. (Tr. 34, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: hypertension (uncontrolled), Von Willebrand's Disease (hemophilia), tremors, seizures, left renal mass, and dementia. (Tr. 34, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 39, Finding 4).

In his decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 40-44, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform medium work with limitations of can occasionally stoop, crouch, crawl, bend, kneel, and balance; cannot operate a

2

motor vehicle, work from ladders, ropes, and scaffolds, or work around unprotected moving machinery; and limited to work which is simple, routine repetitive in nature with supervision that is simple, direct, and concrete.  (Tr. 40).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff unable to perform any PRW.  (Tr. 44, Finding 6). The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 45, Finding 10). The ALJ based this determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as hospital cleaner with 4,000 such jobs in the state of Arkansas and 420,000 such jobs in the nation and packager with 1,600 such jobs in the state of Arkansas and 140,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 13, 2013, through the date of the decision.  (Tr. 46, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 6).  On July 29, 2015, the Appeals Council denied this request for review.  (Tr. 1-4). Plaintiff then filed the present appeal on August 13, 2015.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on August 17, 2015.  ECF No. 7.  This case is now ready for decision.

2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred by (1) failing to give proper weight to the opinions of her treating physician, (2) failing to give credibility to her allegations of pain, and (3) failing to consider the combined impact of her impairments.  ECF No. 10 at 14-20.  Upon review of this claim, the Court agrees with Plaintiff and finds the ALJ improperly evaluated Plaintiff's subjective complaints.  Accordingly, the Court will only address this argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

5

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.*  Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's

medical records and the opinions of Plaintiff's treating physicians.  (Tr. 34-38, 40-44).  First, the

ALJ summarized Plaintiff's medical records.  *Id.*  After summarizing those records, the ALJ then

found the following: "In terms of the claimant's alleged disabling impairments, the medical evidence

of record does not fully support her allegations" (Tr. 41), and "Overall, the medical evidence of

record supports the residual functional capacity detailed above." (Tr. 43).  The ALJ also provided

an entirely unhelpful and conclusory reason for discounting Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's
> medically determinable impairments could reasonably be expected to cause the
> alleged symptoms; however, the claimant's statements concerning the intensity,
> persistence and limiting effects of these symptoms are not entirely credible for the
> reasons explained in this decision.

(Tr. 41).

Notably, the only *Polaski* factor the ALJ even referenced was Plaintiff's medication use and

side effects which he summarily dismissed with no explanation even though Plaintiff alleged various

side effects.  (Tr. 43).

Accordingly, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints

without a sufficient basis was improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a

claimant's subjective complaints cannot be discounted "solely because the objective medical

evidence does not fully support them [the subjective complaints]").  Accordingly, because the ALJ

provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed

and remanded.

### 4.    **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

       **ENTERED** this **12th day of July 2016.**

                    /s/  Barry A. Bryant          
                    HON. BARRY A. BRYANT
                    U. S. MAGISTRATE JUDGE